94040/Notice of Removal to United States district Court/JDG/lc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD FELTON and PENNY FELTON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 22-cv-3858<br>) |
| CASSANDRA DENICE ARNOLD, SWIFT TRANSPORTATION OF ARIZONA LLC, | ) Cook County Case No. 2022 L 004738<br>)<br>)<br>) |
| | ) **JURY DEMAND** |
| Defendants. | ) |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

NOW COME the defendants, CASSANDRA DENICE ARNOLD and SWIFT TRANSPORTATION OF ARIZONA LLC ("Swift Transportation"), by and through their attorneys, JOEL D. GROENEWOLD and KOPKA PINKUS DOLIN PC, pursuant to 28 USC §§ 1332, 1441, and 1446, and hereby submit their Notice of Removal of this case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, defendants state as follows:

1. This matter arises out of a motor vehicle accident that occurred on June 3, 2022, in a southbound direction on I-294 at or near I-80, in the Bremen Township, County of Cook, and State of Illinois. See Plaintiffs' Complaint, attached as Exhibit "A", filed in the Circuit Court of Cook County, Law Division, under Docket Number 2022 L 004738.

2. In their Complaint, plaintiffs alleges that they suffered "pain and anguish, . . . medical expenses . . . and will be kept from attending to his ordinary affairs of life, . . . has and will lose large gains, earnings and profits which he otherwise would have earned". (See Exhibit A, Counts I-IV, Paragraphs 7). Plaintiffs further prays for "an amount in excess of $50,000.00

plus costs" for each of the two plaintiffs, seeking a total judgment of over $100,000.00 (See Exhibit A, plaintiffs' Prayers for Relief). The plaintiffs allege significant personal injuries as a result of this motor vehicle accident.

3. Upon information and belief, plaintiffs' counsel has indicated that plaintiff Howard Felton is claiming severe headaches, dizziness, vertigo, concussion, and serious neck pain and head injuries as a result of this accident. The pre-suit demand for Howard Felton from his prior attorney is in the sum of $225,000.00. (See email from Plaintiffs' counsel to defense counsel dated December 8, 2021, attached hereto as Exhibit B). Plaintiff Penny Felton is claiming as injuries in this litigation jaw pain, headaches, neck pain, blurred vision, facial contusions, and a closed head injury. She was also diagnosed with a concussion and received treatment for all of her injuries, including multiple doctor's visits, physical therapy, vestibular therapy, and neuropsychological testing. The pre-suit demand for plaintiff Penny Felton was in the sum of $185,000.00. (See demand correspondence from plaintiffs' counsel, attached hereto as Exhibit C). Both plaintiffs' combined demands are in the total sum of $410,000.00, well over the $75,000.00 jurisdictional limit. Plaintiffs are both also making a claim for future medical issues and treatment in this case, further increasing the alleged value of this matter.

4. All that is required for Removal based on Diversity Jurisdiction is a "reasonable probability" that more than $75,000.00 is in controversy. See *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. See *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-42 (N.D.Ill. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

5. Here, plaintiffs have complied with Illinois pleading requirements, which only allow a plaintiff to assert that his/her damages are greater or less than a certain jurisdictional amount. In this case, plaintiffs are seeking damages "in excess of $50,000.00" per plaintiff based upon claims of injury, pain and anguish, lost wages, and future damages. (See Exhibit A, Counts I-IV, Paragraphs 7). The total damages sought are therefore in excess of $100,000.00.

6. Based upon the allegations in plaintiffs' Complaint and the plaintiffs' significant special damages and injuries, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7. Upon information and belief, and based upon plaintiffs' Complaint, the plaintiffs are a resident and citizen of the state of Pennsylvania at all relevant times, working as a tandem interstate, over the road truck driver team.

8. Defendant Cassandra Denice Arnold is a resident of 19710 Gallagher Street, Detroit, Michigan 48234.

9. At all times herein mentioned, defendant Swift Transportation is a Delaware corporation with its principal offices in Phoenix, Arizona.

10. Accordingly, for purposes of determining whether Diversity Jurisdiction exists under 28 USC §1332C1, at all relevant times, the plaintiffs were residents and citizens of the state of Pennsylvania and the defendant has not been a resident or citizen of the state of Illinois. Defendant Cassandra Arnold is a resident and citizen of the State of Michigan, and Defendant Swift Transportation is a Delaware corporation with its principal place of business and domicile in the State of Arizona.

11. For the foregoing reasons, this is an action wherein the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction, pursuant to

28 USC § 1332, because the matter in controversy exceeds the value of $75,000.00, exclusive of costs and interest, and the plaintiffs and defendants are residents and citizens of different states.

12. Accordingly, Diversity Jurisdiction exists and this lawsuit was properly removed to this Court pursuant to 28 USC §1441 and §1446.

13. This Notice of Removal was timely filed by the defendants within the timeframe allotted by this Court pursuant to 28 USC § 1446B.

14. Plaintiffs' counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure

WHEREFORE, the defendants, CASSANDRA DENICE ARNOLD and SWIFT TRANSPORTATION OF ARIZONA LLC, pursuant to 28 USC §1441, remove this action from the Circuit Court of Cook County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

**DEFENDANTS DEMAND TRIAL BY JURY.**

                                         Respectfully submitted,

                                         CASSANDRA DENICE ARNOLD and SWIFT
                                         TRANSPORTATION OF ARIZONA LLC

                                         By: /s/ *Joel D. Groenewold*
                                                   Attorney for defendants

Joel D. Groenewold, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jdgroenewold@kopkalaw.com
Attorney No. 6237227

## **CERTIFICATE OF SERVICE**

      I the undersigned, certify that a true and correct copy of the foregoing was either electronically served or mailed by United States mail at 200 West Adams Street, Chicago, Illinois, first class postage fully prepaid, this 26th day of July, 2022, to the following:

Conrad Szewczyk, Esq.
Conrad Szewczyk and Associates
205 West Randolph Street Suite 850
Chicago, Illinois 60606
Anwgvv9043@sbcglobal.net

                                                      /s/ *Joel D. Groenewold*
                                          Joel D. Groenewold, Esq.
                                          KOPKA PINKUS DOLIN PC
                                          200 West Adams Street
                                          Suite 1200
                                          Chicago, Illinois 60606
                                          312-782-9920
                                          Fax 312-782-9965
                                          E-mail: jdgroenewold@kopkalaw.com
                                          Attorney No. 6237227

FILED
5/26/2022 6:19 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
Calendar, R
18068194

FILED DATE: 5/26/2022 6:19 PM   2022L004738

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| HOWARD FELTON and PENNY FELTON, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) No.: 2022L004738 ) |
| CASSANDRA DENICE ARNOLD, SWIFT TRANSPORTATION OF ARIZONA LLC | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

### COUNT I – HOWARD FELTON V ARNOLD

Now come the Plaintiffs, Howard Felton and Penny Felton through their attorney, CONRAD SZEWCZYK & ASSOCIATES, and complains of the Defendants, Cassandra Denise Arnold and Swift Transportation of Arizona LLC, states as follows:

1. That on June 3, 2020, the Plaintiff, Howard Felton, operated his vehicle in a southbound direction on I-294 at or near I-80, in the Bremen Township, County of Cook, and State of Illinois.

2. At the time Plaintiff Penny Felton was a passenger in the above-mentioned vehicle.

3. On said date the Defendant, Cassandra Denise Arnold, operated her vehicle in a southbound direction on I 294 at or near I 80, in the Bremen Township, County of Cook, and State of Illinois directly behind the vehicle driven by Howard Felton.

4. That at all times relevant the vehicle operated by Cassandra Arnold was owned by the Defendant Swift Transportation of Arizona LLC and said operator was an agent and employee of Defendant Swift Transportation of Arizona LLC.

5. It was the duty of the Defendant Cassandra Denise Arnold, to operate her motor vehicle with ordinary and caution, in accordance with the applicable statutes and ordinances, in effect at the said time and place.

**EXHIBIT "A"**

FILED DATE: 5/26/2022 6:19 PM    2022L004738

6. At the time and place aforesaid the Defendant was guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to keep a proper lookout;

    (b) Drove to fast for conditions;

    (c) Failed to keep a safe distance from the vehicle ahead;

    (d) Failed to reduce speed to avoid an accident;

    (e) Drove distracted.

7. That as a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff was injured, he has and will suffer pain and anguish, he has and will incur medical expenses endeavoring to be cured of his said injuries, he has and will be kept from attending to his ordinary affairs of life, and he has and will lose large gains, earnings and profits which he otherwise would have earned.

WHEREFORE, the Plaintiff, Howard Felton, prays for judgment against the Defendant, Cassandra Denise Arnold in excess of $50,000.00 (FIFTY THOUSAND) plus his costs in bringing this action.

## COUNT II HOWARD FELTON V SWIFT TRUCKING

Now come the Plaintiffs, Howard Felton and Penny Felton through their attorney, CONRAD SZEWCZYK & ASSOCIATES, complains of the Defendants, Cassandra Denise Arnold and states as follows:

1. That on June 3, 2020, the Plaintiff, Howard Felton, operated his vehicle in a southbound direction on I-294 at or near I-80, in the Bremen Township, County of Cook, and State of Illinois.

2. At the time Plaintiff Penny Felton was a passenger in the above-mentioned vehicle.

3. On said date the Defendant, Cassandra Denise Arnold, operated her vehicle in a southbound direction on I-294 at or near I-80, in the Bremen Township, County of Cook, and State of Illinois directly behind the vehicle driven by Howard Felton.

4. That at all times relevant the vehicle operated by Cassandra Arnold was owned by the Defendant Swift Transportation of Arizona LLC and said operator was an agent and employee of Defendant Swift Transportation of Arizona LLC.

5. It was the duty of the Defendant Cassandra Denise Arnold, to operate her motor vehicle with ordinary and caution, in accordance with the applicable statutes and ordinances, in effect at the said time and place.

6. At the time and place aforesaid the Defendant was guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to keep a proper lookout;

    (b) Drove to fast for conditions;

    (c) Failed to keep a safe distance from the vehicle ahead

    (d) Failed to reduce speed to avoid an accident.

    (e) Drove distracted

7. That as a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff was injured, he has and will suffer pain and anguish, he has and will incur medical expenses endeavoring to be cured of his said injuries, he has and will be kept from attending to his ordinary affairs of life, and he has and will lose large gains, earnings and profits which he otherwise would have earned.

WHEREFORE, the Plaintiff, Howard Felton, prays for judgment against the Defendant, Swift Trucking of Arizona LLC in excess of $50,000.00 (FIFTY THOUSAND) plus his costs in bringing this action.

### COUNT III – PENNY FELTON V ARNOLD

1. That on June 3, 2020, the Plaintiff, Howard Felton, operated his vehicle in a southbound direction on I-294 at or near I-80, in the Bremen Township, County of Cook, and State of Illinois.

2. At the time Plaintiff Penny Felton was a passenger in the above-mentioned vehicle.

3.  On said date the Defendant, Cassandra Denise Arnold, operated her vehicle in a southbound direction on I294 at or near I80, in the Bremen Township, County of Cook, and State of Illinois directly behind the vehicle driven by Howard Felton.

4.  That at all times relevant the vehicle operated by Cassandra Arnold was owned by the Defendant Swift Transportation of Arizona LLC and said operator was an agent and employee of Defendant Swift Transportation of Arizona LLC.

5.  It was the duty of the Defendant Cassandra Denise Arnold, to operate her motor vehicle with ordinary and caution, in accordance with the applicable statutes and ordinances, in effect at the said time and place.

6.  At the time and place aforesaid the Defendant was guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to keep a proper lookout;

    (b) Drove to fast for conditions;

    (c) Failed to keep a safe distance from the vehicle ahead;

    (d) Failed to reduce speed to avoid an accident;

    (e) Drove distracted.

7.  That as a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff was injured, she has and will suffer pain and anguish, she has and will incur medical expenses endeavoring to be cured of her said injuries, she has and will be kept from attending to her ordinary affairs of life, and she has and will lose large gains, earnings and profits which she otherwise would have earned.

WHEREFORE, the Plaintiff, Penny Felton, prays for judgment against the Defendant, Cassandra Denise Arnold in excess of $50,000.00 (FIFTY THOUSAND) plus his costs in bringing this action.

## COUNT IV PENNY FELTON V SWIFT TRUCKING

1.  That on June 3, 2020, the Plaintiff, Howard Felton, operated his vehicle in a southbound direction on I294 at or near I80, in the Bremen Township, County of Cook, and State of Illinois.

FILED DATE: 5/26/2022 6:19 PM  2022L004738

2. At the time Plaintiff Penny Felton was a passenger in the above-mentioned vehicle.

3. On said date the Defendant, Cassandra Denise Arnold, operated her vehicle in a southbound direction on I-294 at or near I-80, in the Bremen Township, County of Cook, and State of Illinois directly behind the vehicle driven by Howard Felton.

4. That at all times relevant the vehicle operated by Cassandra Arnold was owned by the Defendant Swift Transportation of Arizona LLC and said operator was an agent and employee of Defendant Swift Transportation of Arizona LLC.

5. It was the duty of the Defendant Cassandra Denise Arnold, to operate her motor vehicle with ordinary and caution, in accordance with the applicable statutes and ordinances, in effect at the said time and place.

6. At the time and place aforesaid the Defendant was guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to keep a proper lookout;

    (b) Drove to fast for conditions;

    (c) Failed to keep a safe distance from the vehicle ahead;

    (d) Failed to reduce speed to avoid an accident;

    (e) Drove distracted.

7. That as a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff was injured, she has and will suffer pain and anguish, she has and will incur medical expenses endeavoring to be cured of her said injuries, she has and will be kept from attending to her ordinary affairs of life, and she has and will lose large gains, earnings and profits which he otherwise would have earned.

WHEREFORE, the Plaintiff, Penny Felton, prays for judgment against the Defendant, Swift Trucking of Arizona LLC in excess of $50,000.00 (FIFTY THOUSAND) plus his costs in bringing this action.

>                                   Law Offices of
>                                   CONRAD SZEWCZK & ASSOCIATES
>
>
>                         By: *Conrad Szewczyk*
>                              Conrad Szewczyk

CONRAD SZEWCZYK AND ASSOCIATES
Attorney for Plaintiff
205 West Randolph Street - Suite 850
Chicago, Illinois 60606
(312) 855-1411
Attorney Code Number 19342
Anwgvv9043@sbcglobal.net – Conrad Szewczyk, Attorney at Law

FILED DATE: 5/26/2022 6:19 PM   2022L004738

**Leticia Corona**

| | |
|---|---|
| **From:** | Alan Pirtle <alanp@getbc.com> |
| **Sent:** | Wednesday, December 8, 2021 5:01 PM |
| **To:** | Joel D. Groenewold |
| **Cc:** | Brooke Witthaus |
| **Subject:** | File: 94040 Claim No 200603013924305; Felton, Penny and Howard Felton v. Swift Transportation Co. of Arizona, LLC and Cassandra Denice Arnold: Howard Felton v. Swift Transportation |

Mr. Groenewald: I previously sent you a demand to settle my client Penny Felton's claims Swift Transportation and its driver. I believe you responded that you preferred to also receive a demand for my client, Howard Felton. I have waited to make a demand for him because he treated longer and we have just recently received his updated records.

The records and bills we have for Howard are on the link below. Please download those before the link expires.

We have encountered some difficulties obtaining all of Howard's related bills, but we believe that the few that remain outstanding are not much.

I will not repeat much of what I had in Penny Felton's demand letter as far as liability and the crash. Suffice it to say that your client's liability is clear and the crash resulted in notable property damage.

In addition, I have handled enough trailer cases to know that there will likely be an interesting tale unearthed in discovery as far as your driver's travels and how/why she caused this crash.

Rather than leave his truck in Illinois to obtain medical care after the crash, Howard Felton dealt with his symptoms as best he could and returned his vehicle to his employer. He did this despite experiencing neck pain, headaches, dizziness, and vertigo after the crash.

When Howard went to the emergency room he reported severe headaches and dizziness. He also reported that the vertigo he had experienced since this crash was different than what he had experienced years before when he had a head injury and concussion. (As you know, people who have had a prior concussion are at increased risk, and are more susceptible to experiencing a severe concussion later in life).

Howard's headaches and other symptoms continued and he received treatment for them. He also received physical therapy.

Howard also saw neurologist Dr. Lam. Dr.Lam's notes indicate that, although Howard had suffered a head injury years before our crash, his prior symptoms had improved and he had not been seen by Dr. Lam for two years before the crash. Dr. Lam diagnosed Howard with a recurrent concussion caused by the crash.

The latest records from Dr. Lam show that Howard continues to experience symptoms. Although the records show that Howard was diagnosed with Covid a few months ago and that may be one of his current complaints, this crash is also a cause. (As you know, a jury in Illinois can award damages if the crash was "a cause" of symptoms and treatment even if it was not their sole or primary cause and if there were other concurrent causes.)

Although Howard still experiences vertigo and dizziness as a result of the crash, he has authorized me to make a starting demand of **$225,000.00** to settle all of his claims against your clients.

Please confirm that you received this e-mail and you were able to download from the link below.

Please also give me an estimate as to when I can expect a response to my demands for Penny and Howard Felton. The statute of limitations is approaching and I need to get suit on file if it does not appear that we will resolve these claims.

This link will EXPIRE in 10 days. To view and download your files, visit:
https://link.edgepilot.com/s/bb531a4e/5CP28A3oWkC39Tw7KtbYaQ?u=https://www.sendthisfile.com/2L4vX1IT1I7n3OPMaegbeROd

Thank you,

1

**EXHIBIT "B"**



211 N. Broadway
Suite 1600
St. Louis, MO 63102
www.GetBC.com

Alan Pirtle
Attorney at Law
Main: 314-222-2222
Direct: 314-561-6205
Fax: 314-754-9602
Mobile: 314-349-9239
AlanP@GetBC.com

*"Visit our new website, GetBC.com, to learn how we provide outstanding legal representation, offer a superior client experience, and help level the playing field so that every person, regardless of their race, gender, orientation, religion, age or income, can stand on even ground with giant corporations who would otherwise deny them justice."*
*-Brown & Crouppen*

Connect with us:   

*In compliance with the requirement of the Missouri Bar, the recipient of this e-mail is notified that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computers or even some computer unconnected to either of us which the e-mail passed through. Please notify us immediately if you do not wish to communicate by email.*



One Metropolitan Square, Suite 1600
St. Louis, MO 63102
(314) 222-2222 Phone
(314) 421-0359 Fax
www.GetBC.com

Offices in St. Louis, Kansas City
Arnold, St. Charles, Washington
O'Fallon, MO & Fairview Heights, IL

Over 180 attorneys & staff protecting your rights

Partners:
Ronald A. Brown
Terry B. Crouppen
Edward I. Herman
Andy Crouppen

August 4, 2021

**SENT VIA E-MAIL TO:** **JDGroenewold@kopkalaw.com**
Mr. Joel Groenewold
Kopka Pinkus Dolin, PC
200 W. Adams Street, Suite 1200
Chicago, Illinois 60606

      RE:    Our Client:    Penny Felton
                  Your Clients:    Swift Transportation, LLC and Cassandra Arnold
                  Date of Loss:    June 3, 2020
                  Your File Number:    94040

Dear Mr. Groenewold:

As you are aware, I represent Ms. Penny Felton with regard to injuries she sustained in a motor vehicle collision which occurred on June 3, 2020, on southbound Interstate 294 in Bremen Township, Illinois. On that day, my client was a passenger in a tractor trailer driven by her husband, Howard Felton. The couple was on their way back to Pennsylvania where they live. Mr. Felton was driving in the left lane when traffic ahead prompted him to slow his vehicle. As he was slowing, your insured driver, Cassandra Arnold, approached from behind. Ms. Arnold was driving her own tractor trailer at either excessive speeds or an inadequate distance under the circumstances to allow her to avoid colliding with the rear of the Feltons' vehicle. The Illinois State Police were dispatched to the scene, and Ms. Arnold was cited for failure to reduce speed to avoid an accident. As demonstrated by the extensive damage to Swift's tractor trailer, the impact was severe:



**EXHIBIT "C"**

The force of impact caused Penny to strike her face on the interior of the cab. After a moment of disorientation, Penny began to experience jaw pain, headaches, and neck pain. Those symptoms had not resolved within the few days after Penny arrived home in Pennsylvania. She therefore presented at the emergency department of the University of Pittsburgh Medical Center (UPMC) on June 6, 2020. She complained of jaw pain, collarbone pain, blurred vision, headaches, and nausea. Medical personnel noted bruising on her right jaw and right shin. A number of radiographical studies were completed, and Penny was diagnosed with a closed head injury and facial contusions from the collision. Penny received instructions to follow up with her primary care physician for additional direction and treatment if her symptoms did not improve.

Shortly thereafter, Penny followed up with her primary care physician, Dr. Aparna Taylor. Penny described her symptoms as including dizziness when standing, mental fogginess, agitation, and pain when turning her head. Her headaches had also continued. Dr. Taylor diagnosed Penny with a concussion and neck pain and referred her to a concussion clinic and to physical therapy to treat the persistent symptoms Penny had been dealing with since the collision.

Penny began physical therapy on July 17, 2020, with UPMC Centers for Rehab Services. Her therapy would focus on her neck pain. At first Penny experienced significant soreness following her therapy sessions, but progressively improved. Ultimately, Penny would undergo fourteen sessions of physical therapy over the next several months before her treatment for neck pain would conclude.

On August 28, 2020, Penny consulted with Dr. Nathan Kegel, a neuropsychologist with UPMC. Dr. Kegel administered the ImPACT Test and the Post-Concussion Symptom Scale Test (PCSS) to establish the presence and severity of Penny's concussion. The tests revealed that Penny was indeed suffering from a concussion consistent with the trauma she suffered in the collision. Dr. Kegel determined that Penny would benefit from vestibular therapy, which would be conducted at UPMC Centers for Rehab Services concurrently with her physical therapy for neck pain. The vestibular therapy began September 11, 2020. At the initial evaluation, the therapist noted that Penny's symptoms included headaches, imbalance, sleep disturbance, mood changes, fatigue, photosensitivity, blurred vision, and difficulty focusing. Over the next several months, Penny would participate in a total of three concussion therapy session as well as an additional two follow-up consultations with Dr. Kegel before being released from care.

Penny's concussion is an extremely serious diagnosis with possible long-term or even lifelong consequences. Her diagnosis was made pursuant to multiple testing, and her symptoms required professional care to manage and alleviate. As you may be aware, Penny's resilience to any future head trauma has also been diminished due to her concussion. Medical research and literature support the conclusion that any successive concussions are worse than they otherwise could have been if not for the previous concussion.

As a result of this collision and related injuries, Penny has sustained the following *economic* damages:

| Date | Provider | Amount |
|---|---|---|
| June 6, 2020 | UPMC East | $5,221.00 |
| July 10, 2020 | Absolute Primary Care | $220.00 |
| July 17, 2020 – December 4, 2020 | UPMC Centers for Rehab Services | $10,532.00 |
| August 28, 2020 – October 23, 2020 | UPMC Concussion Clinic | Amount Pending |

                Total Economic Damages to Date:      $15,973.00

Please note that my office has not yet received the bills for UPMC Concussion Clinic. However, we anticipate receiving those bills in the near future and will supplement this demand upon receipt. Preliminary information suggests these additional bills total approximately $1,600.00. The related records are included with this demand.

Venue for this case is Cook County, Illinois. As you may know, Cook County is a favorable venue for us to litigate this case if we are unable to resolve the matter before filing suit. Penny will be a very compelling witness. Jurors will be very sympathetic to her status as a passenger having no control over the events surrounding the collision. Furthermore, jurors will be especially critical of your driver's lack of care as she was driving a tractor trailer which are widely regarded as more dangerous than typical motor vehicles.

The police report clearly places the blame for the crash on your insured who rear-ended my client's vehicle while on the highway. Consequently, your insured's liability will not be reduced for any possible contributory negligence.

I have discussed this case with my client. In light of the foregoing, she has authorized me to make an initial settlement demand of **$185,000.00** to resolve all claims against your insured. I am enclosing copies of the supporting medical bills and records for your review.

A separate demand for Howard Felton will follow once the related medical bills and records have been obtained by my office.

I look forward to your response. My direct contact information is below.

Sincerely,

Alan Pirtle
Brown & Crouppen, P.C.
Direct: (314) 561-6205
Email: AlanP@GetBC.com


AP/jk
Enclosures