IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD FELTON and PENNY FELTON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 22-cv-3858 ) |
| CASSANDRA DENICE ARNOLD, and SWIFT TRANSPORTATION OF ARIZONA LLC, | ) Honorable Sara L. Ellis ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

Now comes the Plaintiffs, Howard Felton and Penny Felton and moves to enforce the settlement and other relief and states as follows:

1. On June 1, 2023 the Parties participated in good faith in a settlement conference before the Honorable M. David Weisman. Following the conference the matter was settled as reflected by the Court's Docket entry of June 1, 2023(See Exhibit 1) Howard Felton settled for $75,000.00 and Penny Felton's matter was resolved for $55,000.00. To date the drafts have not been received by counsel.

2. That on June 27, 2023 Counsel emailed Defense Counsel for a status on the checks. Initially matters moved ahead in an efficient manner. That on June 6, 2023 Counsel for the Defendant requested settlement drafts. That on June 9, 2023 Plaintiff's attorney provided Defense Counsel with a W-9 and executed releases were sent on June 12, 2023 ( Exhibit 2- Emails)

3. On June 27, 2023 Plaintiff's Counsel requested status ( Exhibit 3)

4. That on July 6, 2023 Plaintiff's Counsel requested status (Exhibit 4)

5. That on July 12, 2023 settlement drafts were received by counsel but they were mutilated in transit and had to be reordered.

6. That on July 19, 2023 Counsel requested status on the checks (Exhibit 5 status request).

1

7. That on July 27, 2023 Plaintiff's Counsel requested tracking information on the settlement drafts and permission to speak with the adjuster directly (Exhibit 6, 2023).

8. That on or about July 27, 2023 Plaintiff's office was notified Howard Felton's check had arrived. Inexplicably no check for Penny Felton arrived. When the check reached Plaintiff's office it was noted the check was made out improperly (Defense Counsel was listed as a payee). Arrangement were made for Defense Counsel to endorse the settlement check.

9. That the parties arranged to meet in person so that Defense Counsel could endorse the check. This required Plaintiff's Counsel to drive approximately 1.5 hours from his office and back to meet in a McDonald's parking lot near the airport on Mannheim Road (see Exhibit 7).

10. That on August 9, 2023 Plaintiff request status on the check for Penny Felton (See Exhibit 8).

11. That on August 14, 2023 Plaintiff's office was notified that Howard Felton's check was rejected by Swift Transportation (Exhibit 9).

12. That on August 14, 2023 Counsel sent an email to the adjuster assigned to the file who had participated in the settlement conference, Maria Ramirez. In the email counsel raised various concerns and further informed her that due to the late payment of the checks, the defendant was not in violation of 735 ILCS 5/2-2301 which requires the prompt payment of settlement drafts (See Exhibit 10).

13. That in pertinent part 735 ILCS 5/2-2301

> (d) A settling defendant shall pay all sums due to the plaintiff within 30 days of tender by the plaintiff of the executed release and all applicable documents in compliance with subsections (a), (b), and (c) of this Section.
>
> (e) If, after a hearing, the court having jurisdiction over the parties finds that timely payment has not been made by a defendant pursuant to subsection (d) of this Section, judgment shall be entered against that defendant for the amount set forth in the executed release, plus costs incurred in obtaining the judgment and interest at the rate specified under Section 2-1303 of this Code, calculated from the date of the tender by the plaintiff under subsection (d) of this Section.
>
> 735 ILCS 5/2-2301

That counsel did not receive any response to the above email from Ms. Ramirez.

14. That in addition to the above Plaintiff's Counsel seeks a reasonable attorneys fee. That in addition to spending attorney time in responding to numerous client inquiries regarding the status of the checks Plaintiff counsel has spent time either texting Defense counsel or speaking with him on the telephone in an attempt to get compliance with payment. A review of Plaintiff's Counsel's phone records shows not less than 13 calls to opposing counsel's phone and the total number is likely more if call's to opposing counsel's office is included. Further counsel has spent time in the preparation and will spend time in the presentment of this motion.

Wherefore Plaintiff requests an order an order a) compelling the Defendant to make payment plus interest as provided under section 2-1303; b) continuing this matter for hearing on a reasonable attorney's fees in compelling Defendant to pay; in the alternative c) Entering Judgment against the Defendant plus interest in the amount provided under Section 2-1301.

BY: ss/ *Conrad Szewczyk*

Conrad Szewczyk
Conrad Szewczyk & Associates
1211 W Jarvis Suite # 1
Chicago, IL 60626
312-855 1411
Email: anwgvv9043@sbcglobal.net
ARDC: 6189617